UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| R. CHRISTOPHER GOODWIN & ASSOCIATES, INC. | CIVIL ACTION |
| VERSUS | NO: 19-11290 |
| SEARCH, INC. & CHARLOTTE D. PEVNY, Ph.D. | SECTION: "A" (2) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Partially Dismiss Complaint (Rec. Doc. 7)** filed by Defendants, Southeastern Archaeological Research, Inc. d/b/a SEARCH, Inc. and Charlotte D. Pevny, Ph.D. Plaintiff, R. Christopher Goodwin & Associates, Inc., has filed a response/opposition to the motion. The motion, submitted on October 2, 2019, is before the Court on the briefs without oral argument.[1]

**I.   BACKGROUND**

Both Plaintiff, R. Christopher Goodwin & Associates, Inc., and Defendant, SEARCH, Inc., are cultural resource management firms that regularly perform archaeological studies and analysis for clients throughout the southeastern United States. Defendant, Charlotte D. Pevny, has a Ph.D. in anthropology specializing in archaeology. Dr. Pevny had worked for the plaintiff firm but elected in 2015 to join SEARCH, Inc., where she continues to work today. (Rec. Doc. 7-1, Memo in Support at 2). Plaintiff has brought a plethora of causes of action against SEARCH and Pevny but at its core the case boils down to the alleged infringement of two copyrights.

---

[1] Defendants have requested oral argument but the Court is not persuaded that oral argument would be helpful.

The titles of the works at issue are *SE Louisiana Prehistory 2013* and *New Orleans City Park Final Report December 2013*. (Complaint ¶¶ 4, 5, Exhibits A & C). Both works are alleged to be original works drafted by employees of Plaintiff in the course and scope of their employment with Plaintiff. The documents were saved on Plaintiff's computer file server. As to the first document, Plaintiff alleges that the pirated portions were never released to the public. (*Id.* ¶ 4).

While employed with Plaintiff, Pevny had access to and use of Plaintiff's files for employment purposes. (Complaint ¶ 6). But according to Plaintiff, Pevny accessed and downloaded the copyrighted material stored on Plaintiff's computer server after she had already accepted an employment offer from SEARCH (*Id.* ¶ 8). Plaintiff's complaint details ten Offending Works that contain allegedly plagiarized portions of the copyrighted material. Plaintiff's complaint includes eight causes of action.

Defendants now move to dismiss all causes of action pursuant to Rule 12(b)(6), with the exception of the allegation of copyright infringement.

II.   **DISCUSSION**

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

### *Count I – Copyright Violations*

Defendants do not dispute that Plaintiff has pleaded a copyright infringement claim.[2] Defendants argue, however, that Plaintiff has not pleaded a claim for statutory damages and attorney's fees pursuant to 17 U.S.C. §§ 504 and 505, in light of when the alleged infringement occurred, and the fact that the effective date of the copyright registrations is April 2, 2019. In fact, all of the dates of the alleged Offending Works pre-date the effective date of Plaintiff's copyright registrations. Defendants point out that 17 U.S.C. § 412 precludes recovery of statutory penalties and attorney's fees under the timeline established in the complaint.

Plaintiff essentially concedes the veracity of this argument by failing to address it

---

[2] While Defendants have not challenged this claim on the basis of the pleadings, they intend to raise multiple defenses including but not limited to de minimis use, fair use, scène à faire, merger, and compilations. (Rec. Doc. 7-1, Memo in Support at 3 n.2).

in its opposition memorandum. Indeed, as Defendants argue, §412 prohibits an award of statutory penalties and attorney's fees under §§ 504 & 505 because the last act of infringement allegedly occurred in October 2018, and the effective date of the copyright registrations is April 2, 2019.[3]  (Complaint Exhibits B & D).

Plaintiff argues, however, that its claim for statutory damages and attorney's fees falls under 17 U.S.C. § 1203 (part of the Digital Millennium Copyright Act ("DMCA")), which provides civil remedies (statutory penalties and attorney's fees) for violations of § 1201 or § 1202. Neither the complaint nor opposition refers specifically to § 1201 or § 1202 but the Court infers from the argument made in the opposition that Plaintiff is referring to §1201, which pertains to circumvention of copyright protection systems.

Section 1201 provides in relevant part that "No person shall *circumvent* a *technological measure* that effectively controls access to a work protected under this title." 17 U.S.C. § 1201(a)(1)(A) (emphasis added). To "circumvent a technological measure" means to "descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." *Id*. § (a)(3)(A). A technological measure

---

[3] In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—

**(1)** any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

**(2)** any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

"effectively controls access to a work" if the measure, "in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work." *Id.* § (a)(3)(B).

Plaintiff's contention is that the following allegations support a claim under § 1201:

> On or before October 22, 2015, Defendant, Dr. Pevny, having accepted an offer of employment with Search, Inc. and having tendered her resignation to Goodwin, accessed Plaintiff's electronically stored files without authorization and downloaded copies of unpublished reports and proprietary research materials.

(Complaint ¶ 8).

Moreover, both works were stored on Plaintiff's secure computer server when Pevny accessed them. (*Id.* ¶¶ 4, 5). As an employee of Plaintiff, Pevny had access to the secured computer but that authorization was "limited to access to and use of Plaintiff's files for the exclusive use in the course and scope of her employment with Plaintiff." (*Id.* ¶ 6). Plaintiff argues that *Pearl Investments, LLC v. Standard I/O*, 257 F. Supp. 2d 326 (D. Me. 2003), demonstrates that Pevny's alleged conduct states a claim under § 1201 of the DMCA.[4]

The Court is persuaded that Plaintiff's allegations do not state a claim for circumvention under the plain terms of § 1201 of the DMCA. Circumvention is an essential part of a violation. *See MGE UPS Sys*, 622 F.3d at 366. While the user id/password combination required for access was surely a "technological measure" that

---

[4] As Defendants correctly point out, the complaint contains no allegations that SEARCH accessed the works at issue on Plaintiff's server. So at the very least all claims under § 1203 as to SEARCH must be dismissed. *See MGE UPS Sys., Inc. v. GE Consumer & Indus., Inc.*, 622 F.3d 361 (5th Cir. 2010) (holding that the DMCA does not concern itself with the use of materials after circumvention has occurred).

controlled access to the works at issue, Pevny did not circumvent that measure. She validly accessed the system using her id/password combination while she was still an employee with Plaintiff. Even if the use that she made of that access is not something that Plaintiff would have authorized her to do, *i.e.*, copy the materials at issue, it remains that Pevny's alleged abuse of her logon privileges does not rise to the level of descrambling, decrypting, or otherwise to avoiding, bypassing, removing, deactivating, or impairing anything. As the district court observed in *Digital Drilling Data Systems, LLC v. Petrolink Services, Inc.*, No. 4:15-CV-02172, 2018 WL 2267139, at *14 (S.D. Tex. May 16, 2018), many different district courts have held that using the correct username and password to access a copyrighted work, even without authorization to do so, does not constitute circumvention under § 1201(a) of the DMCA. *Id.* (citing *I.M.S. Inquiry Management Systems, Ltd. v. Berkshire Info. Systems, Inc.,* 307 F. Supp. 2d 521, 532 (S.D.N.Y. 2004); *Egilman v. Keller & Heckman, LLP,* 401 F. Supp. 2d 105, 112 (D.D.C. 2005); *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC,* No. 16-CV-1318, 2017 WL 696126, at *18 (S.D.N.Y. Feb. 15, 2017)). Meanwhile, *Pearl Investments, supra,* involved a former contractor who accessed the plaintiff's server without authorization to do so by bypassing the network router that was put in place to prevent outside parties from accessing the plaintiff's protected software.[5]

In sum, Plaintiff has failed to plead a claim for statutory penalties and attorney's fees, and costs under any applicable provision of the Copyright Act. The motion to

---

[5] Actually, the alleged circumvention that took place in *Pearl Investments* was facilitated by a cable that physically connected the defendant's server to the plaintiff's router (and hence server) while both machines were located at a third-party's site. The purpose of this router at the third-party's site was to control access to the plaintiff's computer network. 257 F. Supp. 2d at 342. By physically connecting to the router, the defendant was able to bypass the plaintiff's password protected VPN.

dismiss will be GRANTED as to this aspect of the copyright infringement claims.

### 2. *Count II – Louisiana Unfair Trade Practices Act*

Defendants move to dismiss Plaintiff's claim under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. § 51:1405, *et seq.* Defendants argue that this claim is preempted by 17 U.S.C. § 301(a) of the Copyright Act, and that the allegations of the complaint fail to state a claim under the LUTPA.[6]

The Fifth Circuit has previously held that § 301 of the Copyright Act does not preempt a LUTPA claim because a LUTPA claim requires proof of fraud, misrepresentation, or other unethical conduct. *Computer Mgt. Assist. Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404-05 (5th Cir. 2000). Therefore, the relief provided by the LUTPA is not "equivalent" to that provided in the Copyright Act. *Id.* Thus, preemption does not apply.

In the LUTPA, the legislature declared it to be unlawful to engage in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co.*, 144 So. 3d 1011, 1025 La. 2014) (citing La. R.S. § 51:1405(A)). It has been left to the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition. *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1059 (La. 2010) (citing *Dufau v. Creole Engr, Inc.,* 465 So. 2d 752, 758 (La. App. 5th Cir. 1985)). The courts have repeatedly held that, under this statute, the plaintiff must show that the alleged conduct "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Id.* (citing *Moore v. Goodyear*

---

[6] Plaintiff concedes that it has no claim for treble damages under the LUTPA. (Rec. Doc. 10, Opposition at 5).

*Tire & Rubber Company,* 364 So. 2d 630, 633 (La. App. 2nd Cir. 1978)). In order to recover under the LUTPA, the plaintiff must prove some element of fraud, misrepresentation, deception, or other unethical conduct on the part of the defendant. *Dufau*, 465 So. 2d at 758.

Plaintiff and SEARCH are alleged to be business competitors. The Court cannot say at this juncture that using a competitor's protected works without authorization for business advantage fails to constitute unethical conduct. One would assume that it is certainly injurious. In fact, Plaintiff claims that SEARCH hired Pevny to gain access to Plaintiff's industrial knowledge. (Complaint ¶ 7). It may very well turn out that Plaintiff cannot prove that the copyright violations, if any, were accompanied by some unethical conduct on the part of SEARCH. But for purposes of the Rule 12(b)(6) analysis the Court is persuaded that Plaintiff's LUTPA claim against SEARCH survives for another day. The motion to dismiss is therefore DENIED as to the LUTPA claim against SEARCH, with the exception of the claim for treble damages.

Pevny was an employee of SEARCH when the alleged copyright violations occurred. Pevny was not a business competitor vis à vis Plaintiff. Plaintiff has not persuaded the Court that it has pleaded a LUTPA claim against Pevny. The motion to dismiss is therefore GRANTED as to the LUTPA claim against Pevny.

### *3.     Count III – Negligence and Negligent Misrepresentation*

Plaintiff has agreed to voluntarily dismiss this claim.

### *4.     Count IV – Fraud and Fraudulent Misrepresentation*

Plaintiff has attempted to allege a claim of fraud under state law. Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La.

Civ. Code art. 1953. Fraud may also result from silence or inaction. *Id*. The elements of the tort of fraud are a misrepresentation of material fact made with the intent to deceive where there was reasonable and justifiable reliance *by the plaintiff* and resulting injury.[7] *Riedel v. Fenasci*, 270 So. 3d 795, 801 (La. App. 1st Cir. 2018) (citing *Prejean v. Estate of Monteiro*, 15-0197, 2015 WL 5515763, at 83 (La. App. 1st Cir. 9/18/15) (unpublished)); Chateau Homes by RJM, Inc. v. Aucoin, 97 So. 3d 398, 404 (La. App. 5th Cir. 2012). In order to find fraud from silence or suppression of the truth, there must exist a duty to speak or disclose information. *Id*. at 405.

      The crux of Plaintiff's fraud claim is that Defendants made fraudulent misrepresentations (which are not pleaded with specificity in the complaint) to Plaintiff's clients (who are not identified in the complaint) insofar as Defendants did not properly credit the authorship of the reports that they sent to their own clients (who are not identified in the complaint). (Complaint ¶ 101). Ignoring the glaring pleading problems with the fraud count,[8] Plaintiff's allegations do not establish that Plaintiff has a right of action under state law to bring a fraud claim against Defendants. Plaintiff admits that if misrepresentations about authorship were made, those misrepresentations were made to others (unidentified in the complaint) and not to Plaintiff. If the issue is one of fraud by concealment, the duty to speak would have been owed to the recipients of the allegedly pirated material not to Plaintiff. Plaintiff cannot satisfy the reasonable and justifiable reliance element of the tort of fraud or that the

---

[7] For the same reasons that the Fifth Circuit did not find that a LUTPA claim was preempted by the Copyright Act, the Court is not persuaded that the fraud claim is subject to preemption.

[8] In alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. Pro. 9(b).

duty to speak was owed to Plaintiff. The motion to dismiss will be GRANTED as to the fraud and fraudulent misrepresentation claims.

### 5. *Count V – Unjust Enrichment*

Plaintiff has agreed to voluntarily dismiss this claim.

### 6. *Count VI – Louisiana Uniform Trade Secrets Act*

Plaintiff believes that both defendants violated the Louisiana Uniform Trade Secrets Act ("LUTSA"), La. R.S. § 51:14331, *et seq.*, because the copyrighted material had independent economic value and was stored on a secure file server that required valid credentials that were only provided to Plaintiff's active employees. (Complaint ¶ 119). Plaintiff points out that it sought to further protect the material by having Pevny sign a non-disclosure agreement in 2011. (*Id.* ¶¶ 120-21). Although Plaintiff does not say so expressly, Plaintiff implicitly suggests that the copyrighted material constituted a trade secret. Plaintiff believes that by utilizing the copyrighted material in the Offending Words, Defendants misappropriated Plaintiff's trade secrets.

The purpose of the LUTSA is to prevent one person or business from profiting from a trade secret developed by another because it would "thus be acquiring free competitive advantage." *Bihm v. Deca Sys., Inc.*, 226 So. 3d 466, 482 (La. App. 1st Cir. 2017) (citing *Stork-Werkspoor Diesel V.V. v. Koek*, 534 So. 2d 983, 985 (La. App. 5th Cir. 1988)). "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

(b) is the subject of efforts that are reasonable under the circumstances to

maintain its secrecy.

La. R.S. § 51:1431(4).

But public disclosure of information through display, trade journal publications, advertising, or other carelessness can preclude protection. (*Id.* cmt. (f)).

Defendants point out that the text of Exhibit A was incorporated into numerous reports that Plaintiff sent to the LDOA, and was made available to numerous researchers across the archaeological community. Therefore, it cannot be a trade secret. Likewise, Defendants point out that Exhibit C is an excerpt of a technical report submitted to the LDOA. According to Defendants, in actuality Plaintiff's allegedly secret archaeological discussion is found in its published works in public libraries. Beside the fact that these disclosures should deprive the works of protection under the LUTSA, Defendants ask the Court to examine Exhibits A and C and in particular the citations in the bibliography, which lead to the inescapable conclusion that the material at issue is historic material that does not constitute Plaintiff's trade secrets. Defendants point out that the histories have no intrinsic value and with the possible exception of the copyrights would have no protection available to them at all.[9]

Plaintiff's response to these persuasive arguments is that *some* portion of the material had never been released to anyone and resided only on its secure computer server.

The questions of whether something constitutes a trade secret and of whether trade secret protection has been lost through disclosure are factual in nature. *See Marine Pile Drivers, L.L.C. v. Welco, Inc.*, 988 So. 2d 878, 881 (La. App. 2nd Cir. 2008)

---

[9] The Court finds no merit to the contention that the LUTSA claim is preempted. *See GlobeRanger Corp. v. Software AG U.S.A., Inc.*, 836 F.3d 477 (5th Cir. 2016).

(citing *Corrosion Spec. & Supply, Inc. v. Dicharry,* 631 So.2d 1389 (La. App. 5th Cir. 1994)). Therefore, the Court is persuaded that it would be inappropriate to determine solely on the pleadings and the face of the materials at issue that the LUTSA claim fails. The motion to dismiss is therefore DENIED as to the LUTSA claim.

### 7. *Count VII – Lanham Act*

Plaintiff has attempted to plead an unfair competition claim against Defendants under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Plaintiff's allegations in support of this claim are merely recitations from the statute and are not factual in nature. Thus, Plaintiff's Lanham Act claim is grounded on the same factual allegations made in support of the copyright infringement claim. The Lanham Act claim is one for "reverse passing off" in that Defendants are allegedly trying to "pass off" Plaintiff's material as their own.

Defendants argue that allegations of copyright infringement are not cognizable under the Lanham Act. Defendants rely upon *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), in support of their contention that the Lanham Act claim should be dismissed on the pleadings.

The Copyright Act expressly warns that it does not annul or limit any rights or remedies under any other federal statute. 17 U.S.C. § 301(d). The Copyright Act does not preempt the Lanham Act, or vice versa. *Alameda Films S.A. de C.V. v. Authors Rights Restoration, Corp.*, 331 F.3d 472, 483 (5th Cir. 2003). But in *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 149 (2004), the Fifth Circuit removed all doubt that *Dastar* makes clear that copyright infringement claims, without more, are not cognizable under the Lanham Act. The Lanham Act does not vindicate the rights of an author of ideas, concepts, or communications embodied in goods offered for sale. *Id.*

The Lanham Act is not designed to protect originality and creativity—that's what the Copyright Act does. *Id.* Therefore, claims of false authorship and reverse passing off, when raised to protect an author's interest in the intellectual content of communicative products, should be pursued under copyright infringement and not the Lanham Act. *Id.* (citing *Dastar*, 539 U.S. at 37).

Plaintiff has alleged no additional facts in support of it Lanham Act claim that take it beyond an ordinary copyright infringement claim. The *Express Lien, Inc. v. Nationwide Notice, Inc.*, decision that Plaintiff cites involved allegations of copying as to unique elements of a website design that was widely recognized as being identified with the plaintiff's product. No. 16-2926, 2016 WL 7097382, at * 3 (E.D. La. Dec. 5, 2016). The instant case does not involve the same type of trade dress allegations. The motion to dismiss is GRANTED as to the Lanham Act claim.

### 8. *Count VIII – Computer Fraud and Abuse Act (Pevny only)*

Plaintiff has attempted to plead a claim against Pevny pursuant to 18 U.S.C. § 1030(a)(4) and § 1030(g) of the Computer Fraud and Abuse Act ("CFAA"). The CFAA criminalizes various fraudulent and damaging activities related to the use of computers. *Fiber Sys. Intern., Inc. v. Roehrs*, 470 F.3d 1150, 1156 (5th Cir. 2006). Plaintiff alleges that Pevny violated the Act when she copied the works at issue from Plaintiff's computer server.

Section 1030(a)(4) defines a violation as knowingly and with intent to defraud, accessing a protected computer without authorization, or exceeding authorized access, and by means of such conduct furthering the intended fraud and obtaining anything of value. Section 1030(g) allows a person who suffers damage or loss by reason of a

violation of the Act to recover compensatory damages and other relief. 18 U.S.C. § 1030(g). The term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service. *Id.* § 1030(e)(11).

Plaintiff concedes that it has not properly pleaded this claim because the damage and loss alleged are not recoverable under the statute. Plaintiff believes, however, that this deficiency can be cured by amending its pleading. The Court will allow Plaintiff ten (10) days from entry of this Order to move to amend its complaint to properly state a claim under the CFAA. Absent an appropriate amendment, this cause of action will be subject to dismissal as prayed for.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Partially Dismiss Complaint (Rec. Doc. 7)** filed by Defendants, Southeastern Archaeological Research, Inc. d/b/a SEARCH, Inc. and Charlotte D. Pevny, Ph.D. is **GRANTED IN PART AND DENIED IN PART** as explained above.

October 29, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE