UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| R. CHRISTOPHER GOODWIN & ASSOCIATES, INC. | CIVIL ACTION |
| VERSUS | NO: 19-11290 |
| SEARCH, INC. & CHARLOTTE D. PEVNY, Ph.D. | SECTION: "A" (2) |

### ORDER AND REASONS

The following motion is before the Court: **Motion in Limine to Exclude Expert Testimony of Plaintiff's Experts (Rec. Doc. 40)** filed by Defendant, Southeastern Archaeological Research, Inc. d/b/a SEARCH, Inc. Plaintiff, R. Christopher Goodwin & Associates, Inc., opposes the motion. The motion, submitted on March 31, 2021, is before the Court on the briefs without oral argument.[1]

Both Plaintiff, R. Christopher Goodwin & Associates, Inc., and Defendant, SEARCH, Inc., are cultural resource management firms that regularly perform archaeological studies and analysis for clients throughout the southeastern United States. Defendant, Charlotte D. Pevny, has a Ph.D. in anthropology specializing in archaeology. Dr. Pevny had worked for the plaintiff firm but elected in 2015 to join SEARCH, Inc., where she continues to work today. (Rec. Doc. 7-1, Memo in Support at 2). Plaintiff has brought a plethora of causes of action against SEARCH and Pevny but at its core the case boils down to the alleged infringement of two copyrights.

---

[1] Charlotte D. Pevny, Ph.D. is also a defendant in this case. Although the attorney who filed the instant motion listed her as a party to the motion in the CM/ECF filing system, she is not named as a movant in the motion itself and the memorandum in support refers only to SEARCH.

The titles of the works at issue are *SE Louisiana Prehistory 2013* and *New Orleans City Park Final Report December 2013*. (Complaint ¶¶ 4, 5, Exhibits A & C). Both works are alleged to be original works drafted by employees of Plaintiff in the course and scope of their employment with Plaintiff. The documents were saved on Plaintiff's computer file server. As to the first document, Plaintiff alleges that the pirated portions were never released to the public. (*Id.* ¶ 4).

While employed with Plaintiff, Pevny had access to and use of Plaintiff's files for employment purposes. (Complaint ¶ 6). But according to Plaintiff, Pevny accessed and downloaded the copyrighted material stored on Plaintiff's computer server after she had already accepted an employment offer from SEARCH (*Id.* ¶ 8). Plaintiff's complaint details ten Offending Works that contain allegedly plagiarized portions of the copyrighted material. Plaintiff's complaint includes eight causes of action.

A jury trial is scheduled in this matter for June 21, 2021.

SEARCH now moves to exclude the four experts that Plaintiff identified on its November 2020 list. (Rec. Doc. 40-3 Exhibit A). The basis for SEARCH's motion is that the deadline for the plaintiff to produce its expert reports was February 10, 2021, yet to date Plaintiff has produced no reports and has not raised the issue of an extension. Meanwhile, because of Plaintiff's list of experts, SEARCH had to retain (and incur costs and expenses for) its own experts, who began reviewing materials related to this lawsuit. So SEARCH requests that the Court not only exclude the experts but also award SEARCH the costs and expenses that it incurred for experts. SEARCH contends that such an award is appropriate because Plaintiff never informed SEARCH that it did not intend to utilize the four listed experts and therefore listing them and forcing SEARCH to incur unnecessary costs constituted highly inappropriate litigation gamesmanship.

In its opposition the plaintiff provides a simple explanation for its failure to abide by the Court's scheduling deadline—Plaintiff places the blame with SEARCH for failing to timely respond to discovery. Plaintiff adds that it tried to avoid having to file a motion to compel when the discovery was overdue because Plaintiff attempted to accommodate the opposing party.

Even though SEARCH did produce certain discovery past the expert report deadline, as SEARCH points out, the plaintiff has not demonstrated that this discovery was pertinent in any manner to at least three of the four experts' opinions. This casts doubt on the assertion that the outstanding discovery presented an impediment to producing expert reports in this case. And because the plaintiff did not raise any issue with the production until it filed its opposition to SEARCH's motion in limine, the Court questions whether any of the experts' opinions, whatever those might be because apparently the reports still have not been produced, are actually important to this case.

The Court notes that at no time did the plaintiff request an extension of the expert report deadline from the Court. This action was filed nearly two years ago and the dispositive/Daubert motion deadline has passed, as has SEARCH's expert report deadline. Any deadline extensions at this juncture would jeopardize the entire scheduling order and SEARCH opposes any suggestion that the matter should be continued in order to accommodate tardy expert reports. The motion in limine will therefore be granted except as to the request for costs, which would constitute an unnecessary sanction under the circumstances.[2]

---

[2] The Court notes that no motion to compel has been filed with respect to the computer drives that the plaintiff hopes to obtain and it is far from clear that the plaintiff would even be entitled to obtain them.

That said, the Court notes that SEARCH and its co-defendant have now filed two voluminous dispositive motions past the deadline provided by this Court. And because those motions are untimely, Defendants have come hat in hand to ask the Court, without consent of the opposing party, to forgive their counsel's error in not timely filing those motions. The Court is persuaded that it would not be fair to exclude the plaintiff's experts because Defendants will not agree to an extension of the appropriate deadline yet allow Defendants to file their untimely dispositive motions. Therefore, <u>unless the parties can come to an agreement</u>, the plaintiff will try its case to a jury with no experts and Defendants will be forced to defend the entire case because their dispositive motions will not be considered by the Court prior to trial.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion in Limine to Exclude Expert Testimony of Plaintiff's Experts (Rec. Doc. 40)** filed by Defendant, Southeastern Archaeological Research, Inc. d/b/a SEARCH, Inc. is **GRANTED** as explained above.

**IT IS FURTHER ORDERED** that the **Motions for Summary Judgment, Motion to Be Heard Out of Time, and Motion to Expedite (Rec. Docs. 46, 47, 49, 54)** are **DENIED.**

April 1, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE